IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:16cv871-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Robert Walker's *pro se* motion for relief under 28 U.S.C. § 2255. Doc. No. 1.[1]

### I.   INTRODUCTION

On October 27, 2014, Walker pled guilty under a plea agreement to conspiring to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Walker's conviction stemmed from his participation in a scheme to obtain tax refunds by filing fraudulent tax returns using stolen identities. The written plea agreement contained a provision under which Walker waived his right to appeal or collaterally attack his conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.

---

[1] References to document numbers (Doc. No.) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

Following a sentencing hearing on February 5, 2015, the district court sentenced Walker to 94 months in prison, consisting of a 70-month term for the conspiracy conviction and a consecutive 24-month term for the identity theft conviction. The district court entered judgment on February 10, 2015. Walker did not appeal.

On October 30, 2106, Walker filed this § 2255 motion claiming that he should receive a mitigating role reduction to his sentence based on Amendment 794 to § 3B1.2 of the United States Sentencing Guidelines. *See* Docs. No. 1 & 2. For the reasons that follow, the Magistrate Judge recommends that Walker's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.[2]

## II.   DISCUSSION

**A.   General Legal Standard**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may secure relief under § 2255 if the court imposed a sentence that (1) violated the constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255;

---

[2] In its response to Walker's § 2255 motion, the government argues, among other things, that Walker's claim is barred by a provision in his written plea agreement by which he waived his right to attack his sentence on appeal or in a post-conviction proceeding. Doc. No. 6 at 6. The Eleventh Circuit has held that to enforce such a waiver provision, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert,* 997 F.2d 1343, 1351 (11th Cir. 1993). No transcript of Walker's change of plea hearing has been sought, and nothing in the record enables this court to determine whether Walker understood the full significance of the waiver provision in his plea agreement.

2

*United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.      Amendment 794 to U.S.S.G. § 3B1.2**

Walker maintains that he should receive a retroactive mitigating role reduction to his sentence based on the November 1, 2015 amendment (Amendment 794) to U.S.S.G. § 3B1.2. Doc. No. 1 at 4; Doc. No. 2 at 2–6.

Section 3B1.2 of the Sentencing Guidelines provides that a defendant's offense level should be decreased as follows:

(a)     If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b)     If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

3

Amendment 794 amended the Commentary to § 3B1.2 by introducing a list of non-exhaustive factors that a sentencing court should consider when determining whether to apply a mitigating role reduction. The listed factors introduced in Amendment 794 are:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, cmnt. n.3(C).

As to the factors for consideration introduced by Amendment 794, Walker claims he is entitled to a two-level "minor role" reduction under § 3B1.2(b), because he had a limited understanding of the scope and structure of the tax-refund scheme, did not participate in planning or organizing the scheme, had limited decision-making authority in the scheme, had limited participation in the scheme and limited responsibility and discretion in the criminal acts he performed, and reaped only modest monetary benefits from his participation in the scheme. Doc. No. 2 at 6–9.

**1. Walker's Claim is Time-Barred.**

A motion under 28 U.S.C. § 2255 must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Walker did not appeal his conviction, his conviction became final 14 days after the district's court's February 10, 2015 entry of judgment—that is, on February 24, 2015. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thus, under § 2255(f)(1), Walker had until February 24, 2016, to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). His filing of his § 2255 motion on October 30, 2106, was untimely under § 2255(f)(1).

Walker sets forth no facts or argument to establish he is entitled to use § 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) as a triggering event for statute of limitations purposes. Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2); or that his claim is based on a right newly recognized by the Supreme Court and made retroactively applicable

5

to cases on collateral review,[3] *see* § 2255(f)(4); or that the facts supporting his claims could not have been discovered earlier by exercising due diligence,[4] *see* § 2255(f)(4).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Walker neither demonstrates nor even asserts that he is entitled to equitable tolling of the limitation period for filing his § 2255 motion. Consequently, Walker's § 2255 motion is time-barred.

In its response to Walker's § 2255 motion, the government does not mention the time-bar in 28 U.S.C. § 2255(f). While district courts are not obligated to do so, they are permitted to consider, *sua sponte*, the timeliness of a § 2255 motion, even after the pre-

---

[3] Walker's claim is predicated on an amendment to the Sentencing Guidelines and not on a right recognized in (and made retroactive by) a decision of the United States Supreme Court.

[4] An amendment to the Sentencing Guidelines does not constitute a "fact" that would reset the one-year statute of limitations under § 2255(f)(4). A change or clarification of controlling law is not a "fact" within the meaning of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."). Amendment 794 to the Sentencing Guidelines is not a "fact" relating to Walker's criminal history and does not otherwise allow him to invoke § 2254(f)(4). *See Bays v. United States*, 2018 WL 1449393, at *2 (M.D. Fla. 2018).

answer, initial screening stage, provided the petitioner is afforded fair notice and an opportunity to respond prior to dismissal on such ground. *See, e.g., Kizziah v. United States,* 2014 WL 51282, at *3 (N.D. Ala. 2014). *This Recommendation provides Walker with notice and opportunity to respond to the finding that his § 2255 motion is time-barred.*

### 2. Even if Not Time-Barred, the Claim is Not Cognizable on Collateral Review.

Even if Walker's motion were not time-barred, his claim would entitle him to no relief. In *United States v. Cruickshank*, 837 F.3d 1182 (11th Cir. 2016), the Eleventh Circuit confirmed that Amendment 794 is a clarifying amendment, meaning that it only clarifies the factors a court should consider for a mitigating role adjustment and did not substantively change § 3B1.2. *Id*. at 1194; *see* U.S.S.G. Supp. App. C., Amend. 794 ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). In *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998), the Eleventh Circuit held that a defendant's claim that his sentence is contrary to a subsequently enacted clarifying amendment is a nonconstitutional issue that is not cognizable under § 2255 absent a complete miscarriage of justice. This is so because "§ 2255 is not a substitute for direct appeal." *Id*. at 1331 (citation omitted). Nonconstitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id*. (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

A prisoner may only challenge a sentencing error as a "fundamental defect" on collateral review when he establishes that he is actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Walker argues neither. Any alleged misapplication of the Sentencing Guidelines in Walker's case cannot be considered "fundamentally unfair" or "a miscarriage of justice" sufficient to support collateral relief under § 2255. *See Burke*, 152 F.3d at 1332. Walker is entitled to no relief on the claim in his § 2255 motion.

### III.  CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Walker be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that on or before April 16, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge